UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LANA BUSIGNANI**, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**IPSOS-ASI, LLC**, a Delaware limited liability company,<br><br>　　　　　Defendant. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff LANA BUSIGNANI ("Ms. Busignani"), by and through her attorneys at Jayaram Law, Inc., and for her Complaint against the above-named Defendant, IPSOS-ASI, LLC ("Ipsos"), states as follows:

**Nature of the Action**

1.　This action seeks damages in connection with Defendant's breach of an employment agreement (the "Agreement") between Ms. Busignani and Ipsos.

2.　Pursuant to the Agreement, Ipsos promised to pay any taxes owed by Ms. Busignani related to her employment in Switzerland that exceeded any amount that she would have owed if she were living in the United States.

3.　Ipsos failed to meet its obligations under the Agreement. Accordingly, Ms. Busignani brings this action to recover damages to which she is entitled as a result of Ipsos's breach of the Agreement.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because Ms. Busignani and Ipsos are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This court has personal jurisdiction over Ipsos because Ipsos has transacted and continues to transact substantial business in this District, and Ipsos has the requisite minimum contacts with this District. By maintaining an office in New York, employing residents of New York, and conducting continuous and systematic business in this District, Ipsos reasonably should expect its conduct to have consequences in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because this District is where Ipsos resides.

**The Parties**

7. Ms. Busignani is an Illinois resident and a former employee of Ipsos.

8. Upon information and belief, Ipsos-ASI, LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 360 Park Avenue South, 17th Floor, New York, New York 10010. Ipsos-ASI, LLC is a subsidiary of Ipsos S.A., which is a publicly traded international corporation headquartered in France.

**Background Allegations**

9. Ms. Busignani began working for Ipsos in 2001.

10. Ms. Busignani held several executive roles during her employment at Ipsos.

11. In or about June 2010, Ipsos named Ms. Busignani to the role of President of ASI Switzerland.

12. ASI Switzerland is a subsidiary of Ipsos.

13. On or about June 21, 2010, Ipsos and Ms. Busignani executed the Agreement, which addressed the terms governing her employment as President of ASI Switzerland.

14. As part of her role as President of ASI Switzerland, Ms. Busignani was temporarily relocated to Geneva, Switzerland, where she led the Western European region for Ipsos Suisse from approximately August 2010 until August 2013.

15. The Agreement stated that Ms. Busignani would remain an employee of Ipsos while performing her role as President of ASI Switzerland.

16. Pursuant to the Agreement, Ipsos and Ms. Busignani agreed to terms regarding tax equalization.

17. Ipsos agreed to reimburse Ms. Busignani for any excess U.S. and Swiss tax assessed on income, over and above her "stay-at-home" tax responsibility.

18. This arrangement is intended to reconcile the difference between Ms. Busignani's stay-at-home tax obligation and her actual tax obligations for the duration of her stay in Switzerland.

19. Ipsos promised that it assumed responsibility for the reimbursement of any excess U.S. and Swiss tax assessed on income, over and above Ms. Busignani's "stay-at-home" tax responsibility.

20. Pursuant to the Agreement, Ipsos deducted from Ms. Busignani's salary an estimated contribution towards the payment of her taxes.

21. Pursuant to the Agreement, Ipsos secured the services of a tax consultant to prepare and file Ms. Busignani's U.S. and Swiss taxes in a manner that would minimize Ipsos's tax equalization obligation while Ms. Busignani was employed in Switzerland.

22.     Ms. Busignani worked in Switzerland as an Ipsos employee during the 2010, 2011, 2012, and 2013 tax years.

23.     The tax consultant retained by Ipsos, Ernst & Young, prepared and filed Ms. Busignani's tax returns for the tax years 2010, 2011, 2012, and 2013.

24.     Pursuant to the Agreement, Ms. Busignani provided Ernst & Young with all relevant information needed for Ernst & Young to prepare and file her U.S. and Swiss tax returns.

25.     Pursuant to the Agreement, Ipsos deducted estimated tax payments from Ms. Busignani's salary throughout the relevant tax years.

26.     Pursuant to the Agreement, after Ernst & Young filed Ms. Busignani's tax returns for the tax years 2010, 2011, 2012, and 2013, Ernst & Young notified Ipsos of any remaining Swiss tax obligations that were owed on Ms. Busignani's behalf.

27.     For the tax years 2010, 2011, and 2012, Ipsos paid the remaining tax obligations to the Swiss government directly on behalf of Ms. Busignani.

28.     Ipsos met its tax equalization obligations for the tax years of 2010, 2011, and 2012, and the Swiss tax authorities have closed these matters and have deemed them to be fully settled.

29.     For the 2013 tax year, Ipsos deducted over $69,000 from Ms. Busignani's salary as an estimated contribution towards her tax obligation for that year.

30.     However, for the tax year 2013, Ipsos failed to pay Ms. Busignani's tax obligation to the Swiss government as it had done for the previous three tax years.

31.     Ipsos also failed to inform Ms. Busignani that it did not pay her 2013 tax obligation to the Swiss government as it had done on her behalf for the previous three tax years.

32.     In September 2016, Ernst & Young received notice from Swiss tax authorities that Ms. Busignani's tax settlement for 2013 remained outstanding ("2013 Tax Obligation"). The 2013

Tax Obligation was originally 157,231.55 Swiss Francs ("CHF"), which at the time of filing this Complaint, equates to $161,966.58.

33. Upon receipt of this notice, Ernst & Young notified the appropriate personnel at Ipsos that the 2013 Tax Obligation remained outstanding, and that Ipsos was required to pay the 2013 Tax Obligation per the Agreement.

34. Per the terms of the Agreement, and Ipsos's actions in 2010, 2011, and 2012, Ms. Busignani reasonably expected that Ipsos had paid the 2013 Tax Obligation directly to the Swiss government in a timely fashion.

35. Despite learning that the 2013 Tax Obligation remained outstanding, Ipsos did nothing to rectify the situation.

36. Despite learning that the 2013 Tax Obligation remained outstanding, Ipsos failed to notify Ms. Busignani of the outstanding 2013 Tax Obligation.

37. As a consequence of Ipsos's failure to pay the 2013 Tax Obligation, the Swiss tax authorities have kept Ms. Busignani's 2013 taxable year open for further review and have initiated collection proceedings regarding the 2013 Tax Obligation against Ms. Busignani personally.

38. In addition to the original 157,231.55 CHF owed as principal, the Swiss government has imposed significant fees, interest, and penalties on Ms. Busignani due to the outstanding nature of the 2013 Tax Obligation.

39. At the time of filing this Complaint, the fees, interest, and penalties imposed on the 2013 Tax Obligation are equal to at least $230,000 at the time of filing this Complaint, and which continue to accrue every day.

40. In or about January 2017, the Swiss government contacted Ms. Busignani. This was the first time that Ms. Busignani was first informed of Ipsos's failure to pay the 2013 Tax Obligation, even though Ipsos had been aware of the failure to pay since September 2016.

41. After learning of Ipsos's failure to pay the 2013 Tax Obligation, Ms. Busignani contacted representatives from Ipsos to inquire as to why the 2013 Tax Obligation had not been paid and asked Ipsos to rectify the situation in light of the Agreement and the parties' past practice.

42. Ipsos failed to provide an adequate response to Ms. Busignani for over two years. As a result, Ms. Busignani was required to retain legal counsel.

43. A letter outlining the above issues was sent to Sheryl Goodman, Group General Counsel and General Counsel of Ipsos ("Ms. Goodman"), on February 11, 2020. A follow up letter was sent on February 28, 2020.

44. Ms. Goodman confirmed receipt of both letters on Ipsos's behalf.

45. However, Ipsos has not paid the 2013 Tax Obligation that it owes per the Agreement.

## COUNT I
## Breach of Contract

46. Ms. Busignani hereby realleges Paragraphs 1 through 45 as though fully set forth herein.

47. On or about June 21, 2010, Ms. Busignani and Ipsos entered into the Agreement, an enforceable written contract.

48. Ms. Busignani has performed all of her obligations under the Agreement.

49. Pursuant to Section 11.2 of Agreement, Ipsos agreed to pay any taxes owed by Ms. Busignani related to her employment that exceeded the amount that she would owe if she remained living in the United States.

50. Ipsos breached the Agreement by failing to meet its obligations for the 2013 tax year.

51. Specifically, Ipsos failed to pay the 2013 Tax Obligation that it is responsible for pursuant to the Agreement.

52. Ipsos failed to pay the 2013 Tax Obligation despite having deducted over $69,000 from Ms. Busignani's salary as estimated tax throughout the 2013 tax year.

53. Ipsos's compliance with the Agreement for the years of 2010, 2011, and 2012 shows that it is aware of its obligations, and its course of conduct affirms its obligations under the Agreement.

54. The parties' past practice confirms that, pursuant to the Agreement:

    a. Each year, Ipsos would deduct estimated tax payments from Ms. Busignani's salary throughout the tax year;

    b. Each year, Ipsos would retain Ernst & Young to prepare and file Ms. Busignani's tax returns in such a manner that would minimize Ipsos's tax burden under its tax equalization responsibilities; and

    c. Each year, Ipsos would pay the Swiss tax authorities any remaining taxes owed by Ms. Busignani directly that were in excess of the estimated tax payments Ipsos had withdrawn from Ms. Busignani's salary.

55. On information and belief, Ernst & Young has repeatedly sent Ipsos written communications regarding Ipsos's obligations to Ms. Busignani in connection with payment of the 2013 Tax Obligation.

56. Despite learning that the 2013 Tax Obligation remained outstanding in 2016, Ipsos failed to take any actions to rectify the situation as it was required pursuant to the Agreement, or notify Ms. Busignani of the outstanding 2013 Tax Obligation.

57. Ipsos's failure to pay the 2013 Tax Obligation in a timely manner has resulted in significant fees, interest, and penalties, in addition to the original amount owed.

58. Ipsos's continued refusal to adequately respond to communications from Ms. Busignani's counsel after receiving notice of Ms. Busignani's claim reflects Ipsos's bad faith and disregard for Ms. Busignani's rights.

59. By the actions described herein, Ipsos has damaged Ms. Busignani in an amount equal to CHF 157,231.55, or $161,966.58, in principal, plus at least $230,000 in fees, interest, and penalties imposed by the Swiss government, an amount which continues to accrue every day, plus attorneys' fees, accountants' fees, and costs.

**WHEREFORE**, Ms. Busignani respectfully requests that this Court:

   A. Enter judgment that Ipsos breached the Agreement;

   B. Award damages in the total amount of at least $400,000;

   C. Award Ms. Busignani's attorneys' fees and other costs associated with the its efforts to investigate, identify, and enforce Ipsos's violation of the Agreement;

   D. Award Ms. Busignani all pre- and post-judgment interest provided by statute; and

   E. Order such other and further relief the Court deems just and proper.

## Jury Demand

Plaintiff Lana Busignani, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: May 11, 2020

Respectfully submitted,

JAYARAM LAW, INC.

By: /s/ Wendy Heilbut

Wendy Heilbut
142 West 57th Street, 11th Floor
New York, NY 10019
Phone: 646.596.1322
Email: wendy@jayaramlaw.com

Vivek Jayaram (*pro hac vice* forthcoming)
125 S. Clark Street, Suite 1175
Chicago, IL 60603
Phone: 312-212-8676
Email: vivek@jayaramlaw.com

*Attorneys for Plaintiff Lana Busignani*